**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| PEREGRINE FIXED INCOME LIMITED, | : | |
| | : | |
| Plaintiff, | : | 05 Civ. 4351 (RMB) (THK) |
| | : | |
| -against- | : | **DECISION AND ORDER** |
| | : | |
| JP MORGAN CHASE BANK | : | |
| | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------x

**I.     Background**

On or about May 3, 2005, Peregrine Fixed Income Limited ("Plaintiff") filed a complaint ("Complaint") against JP Morgan Chase Bank ("Defendant") alleging breach of contract arising out of an International Swap Dealers Master Agreement ("Agreement") that Plaintiff entered into with Defendant's predecessor, Morgan Guaranty Trust Company of New York ("MGT"), on or about January 8, 1996, "for the purpose of engaging in certain derivative transactions," and seeking money damages in the amount of $14,324,717, plus interest.  (Complaint ¶¶ 6, 32.) Plaintiff alleges that "an Automatic Early Termination of the [Agreement]" occurred on January 12, 1998, but that  "[Defendant] incorrectly determined that the Early Termination Date was January 13, 1998," and as a result paid Plaintiff an amount "incorrectly based on post-January 12, 1998 Market Quotations."  (Complaint ¶ 9, 19, 24.)

On or about June 17, 2005, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Notice of Motion to Dismiss Complaint, dated June 17, 2005; Declaration of Michael S. Feldberg, dated June 17, 2005; Memorandum of Law by JP Morgan Chase Bank, N.A. In Support of its Motion to Dismiss the Complaint for Failure to State a Claim upon which Relief can be Granted, Dated June 17, 2005 ("Def. Mem.").)

Plaintiff filed an opposition on or about June 17, 2005. (Memorandum of Peregrine Fixed Income Limited in Opposition to Motion to Dismiss of JP Morgan Chase Bank, dated June 17, 2005 ("Opposition"); Declaration of Simon Charles Copley, dated July 8, 2005.) On or about July 22, 2005, Defendant filed a reply. (Reply Memorandum of Law by JP Morgan Chase Bank, N.A. in Support of its Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief can be Granted, dated July 22, 2005.)

**For the reasons set forth below, Defendant's motion to dismiss is denied.**

## II.   Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept the facts alleged in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005) (citing Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004)). "In order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) (quoting Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir.1997)). "[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176-77 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). "[A]t this procedural stage, we should resolve any contractual ambiguities in favor of the plaintiff." See Subaru, 425 F.3d at 122 (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

## III.   Analysis

Defendant contends that "[b]ecause nothing in the [Agreement] required [Defendant] to calculate the net amount due [Plaintiff] as of January 12, 1998, there is no merit to the allegation that [Defendant] breached the parties' agreement."[1]  (Def. Mem. at 4.)  Defendant claims that under the Agreement, quotations "may be obtained as of any day and time so long as [Defendant] 'selects in good faith' that day and time."  (Def. Mem. at 7-8.)  Plaintiff responds that Defendant breached the Agreement "when it wrongfully instructed the Reference Market-makers to provide Market Quotations for the Terminated Transactions as of dates other than . . . January 12, 1998."  (Opposition at 4.)  Plaintiff argues that Section 14 of the Agreement gives Defendant no "license or control" to select a valuation date, and that Defendant was required to obtain a market quotation as of January 12, 1998, the Early Termination Date.  (Opposition at 4.)  Plaintiff interprets Section 14 as providing Defendant with "discretion in good faith to determine the date and time on which the relevant quotations shall be <u>obtained</u>," but "the date and time as of which those quotations shall <u>relate</u> is governed by the reasonable practicability standard . . . ."  (Opposition at 7) (emphasis in original.)

"In deciding a Rule 12(b)(6) motion to dismiss a breach of contract claim, the Court's role is not to resolve ambiguities in the language of the contract."  <u>DKR Capital, Inc. v. AIG Int'l West Broadway Fund, Ltd.</u>, No. 03 Civ. 1568, 2003 WL 22283836, at *4 (S.D.N.Y Oct. 2,

---

[1] Section 14 of the Agreement reads in part:

> "<u>Market quotation</u>" means, with respect to one or more Terminated Transactions and a party making the determination, an amount determined on the basis of quotations from Reference Market-makers. . . . **The party making the determination . . . will request each Reference Market-maker to provide its quotation to the extent reasonably practicable as of the same day and time . . . on or as soon as reasonably practicable after the relevant Early Termination Date.  The day and time as of which those quotations are to be obtained will be selected in good faith by the party obliged to make a determination** . . . and, if each party is so obliged, after consultation with the other.  (Complaint at Exhibit A) (emphasis added in bold.)

2003).  "Accordingly, the presence of an ambiguity in a contract would render dismissal of the Complaint at this stage improper."  Goodman Mfg. Co. v. Raytheon Co., No. 98 Civ. 2774, 1999 WL 681382, at * 5 (S.D.N.Y. Aug. 31, 1999); see also Eternity Global, 375 F.3d at 178 ("[A] claim predicated on a materially ambiguous contract term is not dismissible on the pleadings.").

Here, "the Court cannot conclude that the contract is unambiguous on its face."  See DKR Capital, 2003 WL 22283836, at *4.  "An ambiguous term is one that is reasonably susceptible to more than one reading, or one as to which reasonable minds could differ. " Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005); see Broder, 418 F.3d at 197 ("The general rule is that ambiguity exists where a contract term could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and . . . is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.") (internal quotation marks omitted).  Both Plaintiff and Defendant offer plausible but conflicting interpretations of Section 14 of the Agreement.  (Def. Mem. at 7-12; Opposition at 6-9); see DKR Capital, 2003 WL 22283836, at *4 ("Because the plaintiff's reading of the Agreement is a permissible one, the Agreement is susceptible to more than one interpretation and is therefore ambiguous.").  The Court cannot properly dismiss the Complaint at this time.  See DKR Capital, 2003 WL 22283836, at *4.

## IV.   Conclusion and Order

For the foregoing reasons, Defendant's motion to dismiss is denied.

The parties and counsel are directed to appear at a status/settlement conference with the

Court on February 23, 2006, at 3:30 p.m., in Courtroom 706 of the Thurgood Marshall

Courthouse, 40 Centre Street, New York, New York 10007.  **The Court directs the parties to**

**engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
January 26, 2005



**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED:  _1-26-06_