Michael S. Feldberg (MF-3974)
Karen Lee (KL-9425)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
:
Peregrine Fixed Income Limited (in liquidation),    :    Case No. 05-CV-4351 (RMB) (THK)
:
Plaintiff,    :
:
-against-    :
:
JP Morgan Chase Bank (formerly known as The Chase    :
Manhattan Bank and having merged with Morgan    :
Guaranty Trust Company of New York),    :
:
Defendant.    :
----------------------------------------------------------------- X

**ANSWER AND PROPOSED COUNTERCLAIM OF DEFENDANT
JPMORGAN CHASE BANK, N.A. TO THE COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("JPMC"), through its attorneys Allen & Overy LLP, as and for its answer to the Complaint dated May 3, 2005 (the "Complaint") respectfully states as follows, upon knowledge as to itself and its own acts and upon information and belief as to all other matters:

1.  JPMC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.  JPMC states that it is a national banking association with a branch office at 270 Park Avenue, New York, New York, that it is the successor-in-interest to Morgan Guaranty Trust Company of New York ("MGT") and thus is the successor-in-interest to the

1

rights and liabilities of MGT deriving from the 1992 Multicurrency – Cross Border ISDA Master Agreement executed by Plaintiff and MGT on or about January 8, 1996.  JPMC otherwise denies the allegations contained in Paragraph 2 of the Complaint.

3. JPMC respectfully submits that Paragraph 3 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. JPMC respectfully submits that Paragraph 4 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion, states that JPMC has offices located within the State of New York and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5. JPMC respectfully submits that Paragraph 5 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion, states that JPMC has offices located within the State of New York and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint.

6. JPMC admits that on or about January 8, 1996, MGT and Plaintiff entered into an International Swap Dealers Association Master Agreement and accompanying Schedule and Credit Support Annex to the Schedule (an "ISDA Master Agreement"), respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7. JPMC admits the allegations contained in subsections (a) through (f) of Paragraph 7 of the Complaint and states that its Calculation Statement (attached as Exhibit C to the Complaint) lists eleven unpaid transactions entered into by Plaintiff and JPMC. JPMC otherwise denies information or knowledge sufficient to form a belief as to subsection (g) of Paragraph 7 of the Complaint.

8. JPMC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. JPMC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 9 of the Complaint. JPMC respectfully submits that the second sentence of Paragraph 9 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion. JPMC further states that, on or about January 15, 1998, JPMC notified Plaintiff that the ISDA Master Agreement signed by JPMC and Plaintiff on or about January 8, 1996 had terminated and that the Early Termination Date in respect of the parties' agreement was January 13, 1998.

10. JPMC respectfully submits that Paragraph 10 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

11. JPMC respectfully submits that Paragraph 11 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise denies the allegations set forth in Paragraph 11 of the Complaint.

12. JPMC respectfully submits that Paragraph 12 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise

respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

13. JPMC respectfully submits that Paragraph 13 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

14. JPMC admits the allegations contained in the first sentence of Paragraph 14, respectfully submits that the remaining allegations in Paragraph 14 of the Complaint do not require a response to the extent that they purport to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

15. JPMC respectfully submits that Paragraph 15 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

16. JPMC respectfully submits that Paragraph 16 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion, respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms and otherwise denies the allegations set forth in Paragraph 16 of the Complaint.

17. JPMC respectfully submits that Paragraph 17 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

18. JPMC denies the allegations in Paragraph 18 of the Complaint.

19. JPMC admits that it notified Plaintiff on or about January 15, 1998 that a Termination Event under the ISDA Master Agreement had occurred on January 13, 1998. JPMC denies the remaining allegations in Paragraph 19 of the Complaint.

20. JPMC admits the allegations in Paragraph 20 of the Complaint.

21. JPMC denies the allegations in Paragraph 21 of the Complaint.

22. JPMC admits that on or about January 25, 1998, it paid to the provisional liquidators of Plaintiff the amount of $57,524,016 and that Plaintiff responded with a hand-written notation stating "[r]eceipt of the letter is acknowledged but for the avoidance of doubt, no acknowledgement or agreement is made in respect of the matters stated therein." JPMC otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint.

23. JPMC admits that on or about March 24, 1998, JPMC advised the provisional liquidators that JPMC had mistakenly overpaid the provisional liquidators $622,204, that the liquidators returned this amount to JPMC and that as of March 24, 1998, JPMC had paid to PFIL the amount of $56,901,812 pursuant to the ISDA Master Agreement. JPMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 23 of the Complaint.

24. JPMC denies the allegations contained in Paragraph 24.

25. JPMC respectfully submits that Paragraph 25 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

26. JPMC respectfully submits that Paragraph 26 of the Complaint does not require a response to the extent that it purports to set forth a legal conclusion and otherwise respectfully refers the Court to the ISDA Master Agreement for a full and complete description of its terms.

27. JPMC notes that the Complaint does not contain a Paragraph 27.

28. JPMC repeats the responses contained in Paragraphs 1 through 27 above.

29. JPMC admits that on or about January 8, 1996, MGT and Plaintiff entered into an ISDA Master Agreement.

30. JPMC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. JPMC denies the allegations set forth in Paragraph 31 of the Complaint.

32. JPMC denies the allegations set forth in Paragraph 32 of the Complaint.

33. All allegations of the Complaint that are not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

JPMC states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

35. The Complaint fails to allege that JPMC breached any of its contractual obligations under the parties' agreement.

THIRD AFFIRMATIVE DEFENSE

36. Pursuant to Section 11 of the ISDA Master Agreement executed by the Plaintiff and JPMC on or about January 8, 1996, Plaintiff, as a Defaulting Party under the ISDA Master Agreement, may not claim costs, disbursements or fees, including attorneys fees, incurred in connection with the prosecution of this action.

PRESERVATION

37. JPMC reserves the right to assert other affirmative defenses as discovery proceeds.

PROPOSED* COUNTERCLAIM

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby asserts the following counterclaim against Plaintiff Peregrine Fixed Income Limited (in liquidation) ("Plaintiff").

FACTUAL BACKGROUND

38. On or about January 8, 1996, Plaintiff and JPMC executed a 1992 ISDA Multicurrency – Cross Border Master Agreement (the "ISDA Master Agreement"), as well as an accompanying Schedule and Credit Support Annex to the Schedule. A copy of the ISDA Master Agreement is attached to Plaintiff's Complaint as Exhibit A.

39. Section 11 of the ISDA Master Agreement provides that

> A Defaulting Party will . . . indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees . . . , incurred by such other party by reason of the enforcement and protection of its rights under this Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection.

---

* Upon information and belief, the United States Bankruptcy Court for the Southern District of New York issued in 2000 an Amended Permanent Injunction enjoining and restraining "any person from . . . commencing or continuing any action or proceeding against [Plaintiff]. . . [or] against the property of [Plaintiff]." JPMC intends to move before the United States Bankruptcy Court for the Southern District of New York for leave to assert its proposed counterclaim.

40. Section 14 of the ISDA Master Agreement provides that "'Defaulting Party' has the meaning specified in Section 6(a)."

41. The Schedule to the ISDA Master Agreement provides in Part 1(6) that the "Automatic Early Termination" provisions of Section 6(a) of the ISDA Master Agreement will apply to the parties.

42. The ISDA Master Agreement provides in Section 6(a) that, if "Automatic Early Termination" is specified in the Schedule . . ., then an Early Termination Date in respect of all outstanding Transactions will occur immediately upon the occurrence with respect to such party of an Event of Default specified in Section 5(a)(vii)(1), (3), (5), (6) or, . . . (8)."

43. The ISDA Master Agreement provides in Section 5(a) a list of various Events of Default, including "Bankruptcy" under subsection (vii), defined as when "[t]he party [or] any Credit Support Provider of such party . . . (1) is dissolved . . . ; (5) has a resolution passed for its winding up, official management or liquidation . . . ; [or] (6) seeks or becomes subject to the appointment of an administrator [or] provisional liquidator . . . ."

44. The Schedule to the ISDA Master Agreement provides in Part 4(7) that Plaintiff's parent, Peregrine Investments Holdings Ltd. ("PIHL"), is a Credit Support Provider of Plaintiff under the ISDA Master Agreement.

45. Upon information and belief, PIHL filed a petition for the winding up of PIHL on or about January 13, 1998.

46. Upon information and belief, provisional liquidators were appointed for PIHL on or about January 13, 1998.

47. Upon information and belief, Plaintiff filed a petition for the winding up of Plaintiff on or about January 15, 1998.

48. Upon information and belief, provisional liquidators were appointed for Plaintiff on or about January 16, 1998.

## COUNTERCLAIM
(Costs and Attorneys Fees)

49. JPMC repeats and realleges the allegations contained in paragraphs 37 through 47 as if fully stated herein.

50. An Event of Default under the ISDA Master Agreement occurred with respect to Plaintiff or its Credit Support Provider, resulting in the Automatic Early Termination of the Agreement and all Transactions (as defined therein).

51. Pursuant to the terms of the ISDA Master Agreement, Plaintiff is a Defaulting Party as defined in Sections 6(a) and 14 of the ISDA Master Agreement.

52. Pursuant to Section 11 of the ISDA Master Agreement, Plaintiff, as Defaulting Party, must "indemnify and hold harmless [JPMC] against all reasonable out-of-pocket expenses, including legal fees . . . incurred by [JPMC] by reason of the enforcement and protection of [JPMC's] rights under [the ISDA Master] Agreement or any Credit Support Document to which [Plaintiff] is a party or by reason of the early termination of any Transaction."

**PRAYER FOR RELIEF**

WHEREFORE, defendant JPMorgan Chase Bank, N.A., demands judgment as follows:

(a) dismissing the Plaintiff's Complaint with prejudice;

(b) awarding the costs and expenses incurred as part of defending the claim, including reasonable attorneys fees; and

(c) awarding such other and further relief as to the Court seems just and proper under the circumstances.

Dated: February 9, 2006

ALLEN & OVERY LLP

By:   /s/ Michael S. Feldberg
      Michael S. Feldberg (MF-3974)
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendant*
   *JPMorgan Chase Bank, N.A.,*
   *successor-in-interest to*
   *JPMorgan Chase Bank*